43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence G. HILL, Defendant-Appellant.
 No. 94-10284.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence G. Hill appeals his conviction following a conditional guilty plea to driving under the influence of alcohol. Hill contends that the Yosemite National Park law enforcement officer lacked the requisite reasonable suspicion to initiate a vehicle stop. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's determination that sufficient reasonable suspicion existed for an investigatory vehicle stop. United States v. Spencer, 1 F.3d 742, 745 (9th Cir.1993). We review for clear error the district court's underlying factual findings. United States v. Millan, 36 F.3d 886, 889 (9th Cir.1994).
 
 
 4
 Law enforcement officers "may make a brief investigatory stop of a moving vehicle ... if under the totality of the circumstances, they are aware of articulable facts leading to a reasonable or founded suspicion that the person has been, is, or is about to be engaged in criminal activity." United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985). Traffic violations constitute criminal conduct and provide sufficient reasonable suspicion for an investigatory stop. Id. at 1403; see also United States v. Perez, 37 F.3d 510, 513 (9th Cir.1994) (sufficient reasonable suspicion existed for a stop when the driver weaved back and forth across the fog line); cf. Millan, 36 F.3d at 889-90 (a minor crack in the windshield may not provide sufficient reasonable suspicion to stop a vehicle).
 
 
 5
 At the suppression hearing, a Yosemite National Park law enforcement officer testified that Hill weaved back and forth on a curved road one late night, hitting and crossing the center line on several occasions within one-half mile. While driving behind Hill, the officer also observed that Hill failed to signal when he changed lanes. Hill admitted weaving within a lane but did not recall whether he crossed the center line. Hill's testimony was unclear whether he signaled before changing lanes.[1] The magistrate judge found the law enforcement officer's testimony "more accurate." His finding was not clearly erroneous. See Millan, 36 F.3d at 889. Since Hill weaved back and forth while driving and failed to signal upon lane changing, possibly in violation of traffic regulations, sufficient reasonable suspicion existed for law enforcement officer to initiate a vehicle stop. See Perez, 37 F.2d at 513; Millan, 36 F.3d at 889-90; see also 36 C.F.R. Sec. 4.2; Cal.Veh.Code Secs. 21658(a), 22107. Accordingly, the district court's denial of Hill's motion to suppress is affirmed. See Fouche, 776 F.2d at 1402-03.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On direct examination, Hill testified that he recalled using a signal before changing lanes. When Hill was asked whether he signaled upon lane changing on cross-examination, he respnoded that "I honestly don't remember."